UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID BAUER,

    Plaintiff,

v.      CASE NO.:

KOHL'S DEPARTMENT STORES, INC.,

    Defendant.
_____/

## DEFENDANT KOHL'S DEPARTMENT STORES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and M.D. Fla. Local Rule 4.02, Defendant, KOHL'S DEPARTMENT STORES, INC. ("**Kohl's**" or "**Defendant**"), respectfully submits this Notice of Removal of Civil Action from the Circuit Court of the Thirteenth Judicial District in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida. In support of this Notice of Removal, Kohl's states as follows:

1. Plaintiff, DAVID BAUER ("**Plaintiff**"), filed this civil action against Kohl's on or about December 13, 2013, in the Circuit Court of the Thirteenth Judicial District in and for Hillsborough County, Florida, entitled *David Bauer v. Kohl's Department Stores, Inc.*, Case No. 13-CA-015168, Division H.

2. Defendant was served with a Summons and a copy of the Complaint on December 17, 2013.

3. Pursuant to 28 U.S.C. § 1446(a) and M.D. Fla. Local Rule 4.02(a), true and accurate copies of documents constituting all the process, pleadings, orders, and other papers served on Kohl's are attached hereto as Exhibit "A".

4. This action is removable to this Court, and this Court has federal question jurisdiction over this action, because the controversy arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441(c)(1)(A). Specifically, Plaintiff's Complaint alleges that Kohl's made calls to the Plaintiff using an automatic telephone dialing system under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et. seq.* ("**TCPA**"). This Court has subject-matter jurisdiction over TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 753 (2012).

5. This Court also has supplemental jurisdiction according to 28 U.S.C. § 1367(a) over Plaintiff's two additional state law claims alleging negligence and invasion of privacy. Such claims are so related to Plaintiff's federal claim that they form part of the same case or controversy.

6. On this date, a copy of this Notice of Removal has been served upon Plaintiff. Defendant will also promptly file a copy of this Notice of Removal with the Clerk of the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida. A true and accurate copy of Defendant's Notice of Filing Notice of Removal of Civil Action is attached hereto as Exhibit "B".

7. This notice was filed within thirty (30) days of Defendant's receipt of Plaintiff's Complaint, and therefore this Notice of Removal has been timely filed.

WHEREFORE, Defendant, KOHL'S DEPARTMENT STORES, INC., respectfully requests that this matter proceed in this Court as a properly removed action.

Dated this 16th day of January, 2014.

[THIS SPACE INTENTIONALLY LEFT BLANK]

Respectfully Submitted,

*[signature]*

Charlene E. Lee
Florida Bar No. 0107187
FOWLER WHITE BOGGS P.A.
P.O. Box 1438
Tampa, FL  33601
Tel:  (813) 228-7411
Fax:  (813) 229-8313
E-mail:  lisa.lee@fowlerwhite.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant Kohl's Department Stores, Inc.'s Notice of Removal of Civil Action was served via email this 16th day of January, 2014, upon the following:

Christina M. Cowart
Seraph Legal, P.A.
2002 E. 5th Ave., Suite 104
Tampa, Florida 33605
ccowart@seraphlegal.com

*[signature]*

Florida Bar No. 0107187

46205060v1

3