IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

DAVID BAUER,

    Plaintiff,

vs.

KOHL'S DEPARTMENT STORES, INC.,

    Defendant.

Case Number: 13 CA 015168

Division: H

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW the Plaintiff, DAVID BAUER, (hereinafter, "Mr. Bauer"), by and through Seraph Legal, P.A., his attorneys, and complains of the Defendant, KOHL'S DEPARTMENT STORES, INC., (hereinafter, "Kohl's"), as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Bauer against Kohl's for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (hereinafter, "TCPA") for damages greater than $15,000.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the TCPA, 47 U.S.C. § 227, *et. seq.*

3. Kohl's is subject to the provisions of the TCPA and is subject to the jurisdiction of this Court pursuant to section 48.193(1)(a)(1), Florida Statutes.

4. Venue is proper in Hillsborough County because the acts complained of were committed and / or caused by Defendant within the County.

1

## PARTIES

5. Mr. Bauer is a natural person residing in Hillsborough County, Florida.

6. Kohl's is a Delaware corporation with a primary address of 129 Orange Street, Wilmington, Delaware 19801, registered in Florida as a foreign corporation, with a registered agent of Corporate Creations Network Inc., with an address of 11380 Prosperity Farms Road, Unit 221E, Palm Beach Gardens, Florida 33410.

## FACTUAL ALLEGATIONS

7. Sometime prior to June 26, 2012, Kohl's began calling Mr. Bauer's cellular phone (239) 222-6566 via automated dialing equipment, with pre-recorded content, utilizing an artificial voice as defined by the TCPA pursuant to 47 U.S.C. § 227(a)(1).

8. The pre-recorded content of the calls typically would state: "Please hold momentarily while we connect your call to a representative from Kohl's Department Store. (Pause). We're sorry for the delay. (Pause)." After this, a representative of Kohl's would get on the line and ask for a "Jeanine."

9. Some of the calls would repeat on a loop the aforementioned content, but no live representative would ever come on the line.

10. Mr. Bauer repeatedly demanded that the calls stop, but Kohl's did not stop calling.

11. The calls came in to Mr. Bauer's cellular phone bearing the Caller ID of 262-704-9780 or 903-593-8790; both are numbers owned or controlled by Kohl's.

12. Mr. Bauer is aware of automated calls made by Kohl's to his cellular phone on the following dates, all in 2010: August 12, August 25, September 14, and December 8, 9, 10, 13, 14, 15, 16, 17, 20, and 22.

2

13. The exact number of phone calls made to Mr. Bauer is unknown to him, but should be well known to Kohl's.

14. Mr. Bauer never gave permission to Kohl's to place calls to his cellular phone, either expressed or implied, nor did he give permission for anyone else to give out or otherwise use his cellular phone number for their own purposes.

15. Kohl's conduct caused Mr. Bauer anger, anxiety, emotional distress, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at Mr. Bauer's home and workplace.

16. Mr. Bauer has hired the aforementioned law firm to represent him in this matter and is obligated to pay their reasonable fees.

## COUNT I – VIOLATIONS OF THE TCPA

17. Mr. Bauer adopts and incorporates the above-numbered paragraphs as if fully stated herein.

18. Kohl's knowingly and willfully violated 47 U.S.C. § 227(b)(1)(A)(iii) when it repeatedly dialed Mr. Bauer's cell phone number using an automated dialing mechanism with prerecorded content and utilizing an artificial voice without his consent and after having been asked to stop.

19. As a consequence of its violations, Kohl's is liable under the TCPA to Mr. Bauer for willfully and knowingly failing to comply with the TCPA.

20. Pursuant to the TCPA, Kohl's is liable to Mr. Bauer for statutory damages of $1,500 per call, actual damages, and costs.

21. Furthermore, Mr. Bauer is entitled to injunctive relief from potential future violations of the TCPA.

**WHEREFORE**, Mr. Bauer respectfully requests that this Court order judgment against Kohl's and for Mr. Bauer as follows:

a. Statutory damages of $1,500 for each willful violation of the TCPA found to have been committed pursuant to 47 U.S.C. § 227(b)(3)(B);

b. Actual damages for all damages including emotional distress suffered due to the intentional, reckless, and/or negligent TCPA violations, pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Costs pursuant to the TCPA;

d. Equitable relief enjoining Kohl's from further violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A); and,

e. Such other relief that this Court deems just and proper.

## COUNT II – NEGLIGENCE

22. Mr. Bauer adopts and incorporates the above-numbered paragraphs as if fully stated herein.

23. Kohl's has a duty under federal law to only use automated telephone dialing equipment when it has permissible purpose to do so.

24. Kohl's has an obligation to not call the same party numerous times when it has been informed that they are calling an incorrect party.

25. Kohl's knew or should have known that Mr. Bauer did not wish to be disturbed as Mr. Bauer asked Kohl's, repeatedly, to cease calling him for a third-party.

4

26. Despite such knowledge, Kohl's negligently continued to make calls to Mr. Bauer's cellular phone.

27. Kohl's foregoing actions and omissions constitute a breach of Kohl's duty to Mr. Bauer.

28. As a result of Kohl's actions and omissions, Mr. Bauer has suffered actual damages including, without limitation, anger, anxiety, emotional distress, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at Mr. Bauer's home and workplace.

29. The actions of Kohl's have caused him to incur legal costs and fees, which he would not have otherwise expended.

30. Kohl's is liable for Mr. Bauer's costs and attorney's fees necessitated by its actions.

**WHEREFORE,** Mr. Bauer respectfully requests that this Court order judgment against Kohl's for:

a. Unspecified actual damages;

b. Reasonable attorney fees;

c. Costs, including filing fees; and

d. Such other relief that this Court deems just and proper.

## COUNT III – INVASION OF PRIVACY

31. Mr. Bauer adopts and incorporates the above-numbered paragraphs as if fully stated herein.

32. Kohl's actions constituted numerous, repeated, electronic intrusions into Mr. Bauer's private quarters where he had a reasonable expectation of peace and privacy.

5

33. Kohl's acted intentionally in continuing to call Mr. Bauer's telephone in seeking "Jeanine."

34. Kohl's' actions caused harm to Mr. Bauer's emotional well-being by invading and intruding upon Mr. Bauer's right to privacy.

35. Mr. Bauer's expectation of privacy in his solitude, seclusion, and private concerns and affairs was reasonable under the circumstances in this matter.

36. These intrusions and invasions by Kohl's occurred in such manner and frequency as to be highly offensive to a reasonable person in his position.

37. As a result of Kohl's intrusions, Mr. Bauer has suffered actual damages including, without limitation, anger, anxiety, emotional distress, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at Mr. Bauer's home and workplace.

38. As a result of its intentional acts in violation of Mr. Bauer's privacy, Mr. Bauer has been forced to retain counsel in an effort to prevent further violations, rendering Kohl's liable for Mr. Bauer's costs and attorney's fees.

**WHEREFORE**, Mr. Bauer respectfully requests that this Court order judgment against Kohl's for:

a. Unspecified actual damages;

b. Reasonable attorney fees;

c. Costs, including filing fees; and,

d. Such other relief that this Court deems just and proper.

6

## JURY TRIAL DEMANDED

Mr. Bauer hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 13th day of December 2013, by:

/s/ Christina M. Cowart
Christina M. Cowart
Florida Bar # 27644
Seraph Legal, P.A.
2002 E. 5th Avenue, Suite 104
Tampa, FL 33605
(813) 567-1230
ccowart@seraphlegal.com
Attorneys for David Bauer